Marc E. Hankin, SBN 170505
E-Mail:  Marc@HankinPatentLaw.com
Kevin Schraven, SBN 259446
E-Mail: Kevin@HankinPatentLaw.com
Anooj Patel, SBN 300297
E-Mail: Anooj@HankinPatentLaw.com
**HANKIN PATENT LAW, APC**
12400 Wilshire Boulevard, Suite 1265
Los Angeles, CA  90025
Phone: (310) 979-3600
Fax:  (310) 979-3603

Attorneys for Plaintiff,
**HOLLYWOOD ENGINEERING, INC.
dba HOLLYWOOD RACKS**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Hollywood Engineering, Inc. dba Hollywood Racks, a California corporation, | Case No.:     2:16-CV-00514 |
| Plaintiff, | |
| vs. | **VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT OF:** |
| David Tsai, an individual, and King Sheng Co., LTD. dba Seiki, and DOES, 1-5, | **1)  PATENT UNENFORCEABILITY;**<br>**2)  NONINFRINGEMENT; AND**<br>**3)  PATENT INVALIDITY.** |
| Defendants. | |

Plaintiff, Hollywood Engineering, Inc. dba Hollywood Racks ("Hollywood"), for its Verified Complaint for Declaratory Judgment against Defendants David Tsai, an individual ("Tsai"); and King Sheng Co., LTD. dba Seiki, a Taiwan corporation ("Seiki") (collectively "Defendants") alleges as follows.

## JURISDICTION AND VENUE

1) This Verified Complaint arises under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 & 2202 *et seq.* and the Patent laws of the United States, Title 35 of the United States Code, 35 U.S.C § 100 *et seq.*  This Court has subject matter jurisdiction over this Verified Complaint pursuant to 28 U.S.C. §§1331 & 1338(a).

2) Venue is proper pursuant to 28 U.S.C. § 1391, as a substantial part of the events described herein occurred in this judicial district, and Seiki and Tsai are subject to personal jurisdiction in this judicial district, *inter alia*, because the effect of their threatening Hollywood with Patent Infringement takes place entirely within this judicial district.

3) This Verified Complaint sets forth three Claims for Declaratory Judgment pursuant to 28 U.S.C. §§ 2201 & 2202 *et seq.*, in which Hollywood desires a declaration of rights in the form of a Judgment against Seiki and Tsai.

4) An actual case and controversy exists between the Parties, in view of Seiki and Tsai's January 11, 2016 letter to Hollywood, which alleges that Hollywood is infringing Seiki and Tsai's Patent and which threatens Hollywood with litigation.

## PARTIES

5) Hollywood is a California corporation having a principal place of business at 12812 South Spring Street, Los Angeles, CA 90061.

6) On information and belief, Seiki is a Taiwan corporation, and is located and doing business at No. 50 Lane 958, Jhang Hua Road, Huatan Township, Chuang Hua City, Taiwan 503.

7) On information and belief, Tsai is an individual with an address of No. 113-9, Gin-Chen Road, Ho Ping Li, Chang Hua City, Taiwan, Republic of China.

8) Hollywood does not yet know the true names and capacities of the Defendants sued herein as Does 1-5, and therefore sues said Defendants by such fictitious names.  Hollywood will pray leave to Amend this Verified Complaint to allege the

true names and capacities of said fictitiously named Defendants once they have been ascertained.

9) Hollywood is informed and believes, and thereon alleges, that each of said fictitiously named Defendants is responsible in some way, and is the proximate cause of, at least some of Hollywood's damages as alleged herein.

## FACTUAL BACKGROUND

10) Since the early 1970's, Hollywood has been in the business of designing and selling bicycle racks for mounting on vehicles to carry bicycles.

11) In 2002, Hollywood designed and sold bicycle racks for mounting on the vehicle's trailer hitch which utilized a Clamp System to carry bicycles.

12) In late 2008, Hollywood modified some of its bicycle rack models to include a new Ratcheting System, instead of the Clamp System.

13) On March 4, 2009, Seiki contacted Hollywood via email and alleged that Hollywood's new Ratcheting System infringed U.S. Patent No. 7,240,816 (the '816 Patent"), which Seiki alleged that Seiki owned. Attached hereto as Exhibit A is a true and correct copy of the '816 Patent. Attached hereto as Exhibit B is a true and correct copy of the March 4, 2009 email.

14) In actuality, the '816 Patent is owned by David Tsai, an individual, and NOT Seiki, a d/b/a for a corporate entity.

15) On information and belief, Seiki has an Exclusive License to the '816 Patent, which includes the right to sue for infringement.

16) On information and belief, Tsai owns and/or controls Seiki.

17) On March 6, 2009, Hollywood responded to Seiki's email, clarifying that Hollywood believed Seiki perceived the accused feature of Hollywood's rack to be the Ratcheting System. Hollywood informed Seiki that Hollywood had helped develop a ratcheting system extremely similar to the system described in the '816 Patent in cooperation with Sportrack Canada (now Thule). Attached hereto as

Exhibit C is a true and correct copy of the Hollywood March 6, 2009 email.

18)   On March 5, 2009, Seiki stated that, "[t]he ratchet clamp system is [Seiki's] concern."   Attached hereto as Exhibit C is a true and correct copy of the Seiki March 5, 2009 email.

19)   Through a string of emails from March to May of 2009 between Hollywood and Seiki, Hollywood determined that it believed that the Hollywood ratcheting system did not infringe the '816 Patent.  Nonetheless, to avoid any potential litigation with Seiki, Hollywood decided to revert to selling its bicycle racks with a Clamp System.  Attached hereto as Exhibit D is a true and correct copy of the March to May of 2009 Emails.

20)   On May 10, 2009, pursuant to Hollywood's changes to its bicycle racks and changes to its website, Seiki was satisfied that the Hollywood Racks no longer infringed on the '816 Patent and Seiki ended the email correspondence to Hollywood by stating:  "Thank you for your efforts.  This case is closed." Attached hereto as Exhibit E is a true and correct copy of the May 10, 2009 Email.

21)   Then for six years Hollywood continued to make, use, import, and sell its racks.

22)   For those entire six years Hollywood and Seiki had not a single communication regarding the '816 Patent or any issues related to the '816 Patent.

23)   Then, out of the blue, on April 28, 2015, Seiki sent to Hollywood a Cease & Desist Letter – for the first time in six years – once again alleging that Hollywood's racks infringe the '816 Patent.  This letter was sent by an Attorney named Michael Chen, working at a firm called Scott Warmuth.  Attached hereto as Exhibit F is a true and correct copy of Michael Chen's April 28, 2015 Letter.

24)   In May 2015 Hollywood informed Mr. Chen about the resolution of the dispute back in 2009, and Mr. Chen promised to inform Mr. Tsai about Hollywood's response.  Attached hereto as Exhibit G is a true and correct copy of that email correspondence on May 7, 2015.

25)   On July 29, 2015, yet another Attorney, Shinnyi Patent & Trademark Attorneys of Taiwan, sent a different Cease & Desist Letter – this time demanding $1,500,000 for "investigative and legal" costs – to Hollywood also alleging that Hollywood's racks infringe the '816 Patent.  Attached hereto as Exhibit H is a true and correct copy of Shinnyi's July 29, 2015 Letter.

26)   On August 20, 2015, the undersigned Counsel wrote a Response Letter to both Michael Chen at Scott Warmuth and Ula Lin at Shinnyi Patent and Trademark Attorneys, in response to their respective Letters dated April 28, 2015 and July 29, 2015 explaining (a) why the Hollywood racks did not infringe and (b) that Seiki already had told Hollywood "this case is closed" back in May 2009, so they were barred from asserting infringement in 2015.  Attached hereto as Exhibit I is a true and correct copy of the undersigned Counsel's August 20, 2015 Response Letter.

27)   On August 25, 2015, yet another different Attorney, Joseph Bruce of Bruce Stone, sent a different Cease & Desist Letter to Hollywood – this time setting forth a Claim Chart – also alleging that Hollywood's racks infringe the '816 Patent. Attached hereto as Exhibit J is a true and correct copy of Joseph Bruce's August 25, 2015 Letter, with patent exhibit removed, see Exhibit A hereto.

28)   On September 11, 2015, Hollywood responded to Seiki's August 25, 2015 Letter, wherein Hollywood explained to Seiki in detail why Hollywood's racks do not infringe the '816 Patent.  Attached hereto as Exhibit K is a true and correct copy of the September 11, 2015 Letter.

29)   The September 11, 2015 Letter also reminded Seiki about the 2009 email correspondence which ended in Seiki being satisfied that Hollywood did not infringe the '816 Patent ("This case is closed.").

30)   On October 20, 2015, Seiki sent to Hollywood a follow-up letter disagreeing with Hollywood's determination that Hollywood did not infringe the Seiki Patent, or that the issue had been resolved in 2009, which it clearly had been.  Attached

hereto as Exhibit L is a true and correct copy of the October 20, 2015 Letter.

31)    The October 20, 2015 Letter alleges that, "Hollywood bike rack models, HR200, HRT220; HR1000; HR1000R; HR1400; HR1450; HR1450E; HR1450R; HR1475; and Sunlite models 45815 and 45816 literally infringe on the '816 patent."

32)    On November 5, 2015, at the Starbucks Coffee shop in the Renaissance Hotel in Las Vegas, NV, during the SEMA Trade Show, Neil Nusbaum of Hollywood Racks and David Tsai of Seiki met in person, discussed the issues, and discussed a possible resolution of those issues, concluding with Hollywood making a proposal to Tsai and Seiki that was never responded to by Tsai or Seiki.

33)    On January 11, 2016, Seiki sent to Hollywood another follow-up letter, and included a draft Complaint for Patent Infringement.  Seiki stated that Seiki had "included a copy of the complaint [Seiki] intends to file against Hollywood Racks" in the Central District of California.  Attached hereto as Exhibit M is a true and correct copy of the January 11, 2016 Letter without the draft Complaint attached.

34)    Hollywood responded to the January 11, 2016 Letter first through its undersigned Counsel to Seiki's current Counsel, and then from Neil Nusbaum directly to David Tsai, each time, trying to resolve the issues in dispute.

35)    Neither Tsai nor Seiki have responded to Hollywood or its Counsel in any way.

36)    Since May 2009, Hollywood has not changed the fundamental configuration of its models with SKU numbers HR200, HRT220; HR1000; HR1000R; HR1400; HR1450; HR1450E; HR1450R; HR1475; nor the Sunlite models 45815 and 45816.

37)    Accordingly, Hollywood is under a reasonable apprehension of lawsuit from Seiki and Tsai because Seiki and Tsai have: (1) alleged that several of Hollywood's current products infringe the '816 Patent; (2) threatened to file a lawsuit in the Central District against Hollywood for infringement of the '816 Patent; and (3) have not responded to the settlement overtures from Hollywood.

38)   Hollywood asserts that Seiki is barred by Equitable Estoppel from asserting the '816 Patent against Hollywood's products because of the actions that Hollywood took in accordance with the 2009 email exchange which ended with Seiki affirmatively and unambiguously stating: "This case is closed."

39)   In the event that Seiki is not barred by Equitable Estoppel from asserting the '816 Patent against Hollywood, Seiki is barred from asserting the '816 Patent due to Laches, because Seiki has waited more than six (6) years before acting on its knowledge of what products Hollywood has been selling for well more than six (6) years, without taking any action or having any communications with Hollywood.

40)   In the event that Seiki is not barred by from asserting the '816 Patent against Hollywood by Equitable Estoppel or Laches, Hollywood denies that any of its products infringe any claim of the '816 Patent, and makes this denial based on both Hollywood's own analysis in 2009 and again in 2015, and also upon Seiki's own affirmative statements ending the dispute in 2009 stating: "[t]his cased is closed."

41)   To resolve the legal and factual questions raised by Seiki, and to afford relief from the uncertainty that has precipitated, Hollywood is entitled to a Declaratory Judgment stating that Seiki and Tsai are barred from asserting the '816 Patent against Hollywood, that its products do not infringe any patent allegedly owned by Seiki and Tsai, and/or that the '816 Patent is invalid and/or unenforceable (at least as to Hollywood itself).

42)   Hollywood also seeks reimbursement for its reasonable Attorneys' Fees and Taxable Costs that have had to be expended as a result of Seiki and Tsai's frivolous claims of Patent Infringement of the '816 Patent.

43)   As a result of Seiki and Tsai's frivolous claims, Hollywood has been forced to expend time and money defending itself, through a series of analyses, letters, correspondence, and preparation of this Verified Complaint by its Counsel.

44)   Seiki and Tsai's threats of litigation have been brought in subjective bad faith,

and are objectively baseless, because of their statement to Hollywood that "[t]his case is closed" back in May 2009.

45)   Seiki and Tsai's threats of litigation stand out from others with respect to the substantive strength of Seiki and Tsai's legal rights and position, because Seiki and Tsai and have no chance of success, yet attempt to coerce Hollywood's actions and compliance with Seiki's unreasonable and unwarranted demands in a "closed" case.

46)   Pursuant to 35 U.S.C. §285 and the line of cases starting with *Octane Fitness LLC v. Icon Health & Fitness Inc.*, ___ U.S. ___, 134 S. Ct. 1749 (2014), Hollywood is entitled to receive reimbursement of its reasonable Attorneys' Fees and Taxable Costs that have had to be expended and will continue to have to be expended in the future to resolve this litigation, because the present litigation is an exceptional case, given the history between the Parties in this "closed" case.

## FIRST CLAIM FOR RELIEF

### (Patent Unenforceability Due To Waiver, Equitable Estoppel, & Laches)

47)   Hollywood incorporates by reference each and every allegation set forth in paragraphs 1-46 as if fully set forth here.

48)   An actual controversy now exists between Hollywood and Seiki and Tsai, as to their respective rights and responsibilities with respect to U.S. Patent No. 7,240,816.

49)   Hollywood relied on Seiki's affirmative statements in 2009 to modify Hollywood's products to ensure that Hollywood's products did not infringe the '816 Patent, and even received Seiki's confirmation that, "[t]his case is closed." Now that six years have passed, Seiki is seeking to reassert this, by its own words, closed case.

50)   Seiki and Tsai are barred from enforcing the '816 Patent against Hollywood on grounds of Waiver, Equitable Estoppel, and Laches due to actions and statements by Seiki and Tsai that Hollywood relied on in modifying Hollywood's products so

as to avoid infringement of the '816 Patent, and relied upon in not modifying Hollywood's products further, if Hollywood had had any inkling that Seiki did not actually consider the "case" to be "closed" as to the accused infringement of the '816 Patent by the Hollywood rack system.

51)   Seiki and Tsai are barred from enforcing the '816 Patent against Hollywood's models with SKU numbers HR200, HRT220; HR1000; HR1000R; HR1400; HR1450; HR1450E; HR1450R; HR1475; nor the Sunlite models 45815 and 45816, on grounds of Waiver, Equitable Estoppel, and Laches, because the issue was discussed and a resolution was reached by and between the Parties six years ago.

52)   To resolve the legal and factual questions raised by Seiki and Tsai and to afford relief from the uncertainty that has precipitated, Hollywood is entitled to a Declaratory Judgment stating that Seiki and Tsai are barred from asserting the '816 Patent against Hollywood, that its products, with model numbers HR200, HRT220; HR1000; HR1000R; HR1400; HR1450; HR1450E; HR1450R; HR1475; nor the Sunlite models 45815 and 45816, do not infringe any patent allegedly owned by Seiki and Tsai, and/or that the '816 Patent is invalid and/or unenforceable (at least as to Hollywood itself).

## SECOND CLAIM FOR RELIEF

### (Declaratory Judgment of Non-Infringement
### of U.S. Patent Number 7,240,816)

53)   Hollywood incorporates by reference each and every allegation set forth in paragraphs 1-52 as if fully set forth here.

54)   An actual controversy now exists between Hollywood and Seiki and Tsai, as to their respective rights and responsibilities with respect to U.S. Patent No. 7,240,816.

55)   Seiki and Tsai have alleged that Hollywood has committed certain acts that infringe the '816 Patent, and Hollywood denies that any of its products infringe any

claim of the '816 Patent, either literally, directly, indirectly, under the doctrine of equivalents, or by any other manner.

56) To resolve the legal and factual questions raised by Seiki and Tsai and to afford relief from the uncertainty that has precipitated, Hollywood is entitled to a Declaratory Judgment stating that Seiki and Tsai are barred from asserting the '816 Patent against Hollywood, that its products, with model numbers HR200, HRT220; HR1000; HR1000R; HR1400; HR1450; HR1450E; HR1450R; HR1475; nor the Sunlite models 45815 and 45816, do not infringe any patent allegedly owned by Seiki and Tsai, and/or that the '816 Patent is invalid and/or unenforceable (at least as to Hollywood itself).

## THIRD CLAIM FOR RELIEF

### (Declaratory Judgment of Invalidity of
### U.S. Patent Number 7,240,816)

57) Hollywood incorporates by reference each and every allegation set forth in paragraphs 1-56 as if fully set forth here.

58) An actual controversy now exists between Hollywood and Seiki and Tsai, as to their respective rights and responsibilities with respect to U.S. Patent No. 7,240,816.

59) To resolve the legal and factual questions raised by Seiki and Tsai and to afford relief from the uncertainty that has precipitated, Hollywood is entitled to a Declaratory Judgment stating that Seiki and Tsai are barred from asserting the '816 Patent against Hollywood, that its products do not infringe any patent allegedly owned by Seiki and Tsai, and/or that the '816 Patent is invalid for failing to comply with all of the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112 and/or the '816 Patent is unenforceable (at least as to Hollywood itself).

## PRAYER FOR RELIEF

Hollywood respectfully requests that a Declaratory Judgment be Entered in its

favor and against Seiki and Tsai as follows:

A. For a Declaratory Judgment that Seiki and Tsai are barred by Waiver, Equitable Estoppel, and Laches from asserting the '816 Patent against Hollywood.

B. For a Declaratory Judgment that none of Hollywood's products with model numbers HR200, HRT220; HR1000; HR1000R; HR1400; HR1450; HR1450E; HR1450R; HR1475; nor the Sunlite models 45815 and 45816, infringe the '816 Patent and/or any other Patent allegedly owned by Defendants, and/or that the '816 Patent is invalid and/or unenforceable.

C. For a Permanent Injunction enjoining Seiki and Tsai and their agents and attorneys from further asserting rights pursuant to the '816 Patent against Hollywood and/or its dealers and/or its customers.

D. For the recovery of Hollywood's reasonable Attorneys' Fees and Taxable Costs pursuant to 35 U.S.C. §285 and the *Octane Fitness* line of cases; and

E. For such additional and further relief in law and equity, as the court may deem just and proper.

Respectfully submitted,
**HANKIN PATENT LAW, APC**

Dated:  January 25, 2016

*/Marc E. Hankin*
Marc E. Hankin
Attorneys for Plaintiff,
**HOLLYWOOD ENGINEERING, INC.**

## VERIFICATION

I am a co-owner and Member of PLAINTIFF, HOLLYWOOD ENGINEERING, INC. I have read the foregoing Verified Complaint and Exhibits thereto, and I know the contents thereof. The same is true of my own personal knowledge, except for those matters which have been stated herein on information and belief, and as to those matters, I believe them to be true.

I declare under the penalties of perjury of the State of California and the United States that the foregoing is true and correct. Executed at Los Angeles, California, on January 25, 2016.

By: _____

Neil Nusbaum